346 P.2d 1078

AETNA LOAN COMPANY, Plaintiff and
Respondent,

v.

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND, a Maryland corporation,
Defendant and Appellant.

No. 9059.

Supreme Court of Utah.

Dec. 3, 1959.

Marr, Wilkins & Cannon, Richard H. Nebeker, Salt Lake City, for appellant.

Richards, Bird & Hart, Lon Rodney Kump, David A. Robinson, Salt Lake City, for respondent.

HENRIOD, Justice.

Interlocutory appeal from an order denying a defense motion for summary judgment. Reversed with instructions to vacate the order and enter an order granting defendant's motion for summary judgment. Costs to defendant.

Plaintiff sued for damages allegedly arising out of the defalcation of one Knowles, claimed to be included in a $100,000 "blanket" fidelity bond covering plaintiff's employees.

The following facts are admitted: Knowles, originally covered by the bond, was cancelled out as an unsatisfactory risk, by proper notice given to plaintiff under a specific provision of the bond. Plaintiff, nonetheless, continued to employ Knowles. About a year later, without letter of transmittal, or without written or oral request that Knowles be re-included under the bond's terms, plaintiff sent a list of its then employees, including Knowles, to defendant. Thereafter the defalcation, subject of this litigation, occurred.

One of defendant's officials filed an affidavit in support of the motion for summary judgment.[1] Plaintiff countered with one executed by one of its officials, attaching thereto a number of communications addressed to an entirely different policyholder having an entirely different coverage, up to $1,000 to protect the public against fraud of its agents. One such bond was issued in such amount to cover Knowles against such fraud. Plaintiff, leaning heavily on these communications which were not pertinent to the $100,000 fidelity bond, also made statements that questioned some of the assertions of defendant's affidavit. None was material so as to precipitate a genuine issue of fact dispositive of the motion for summary judgment, the only one having any appearance of pertinency being a statement by affiant that he believed one of defendant's agents solicited the second list of personnel, which statement was unsupported by deposition of such agent and which statement was not supported by documentary evidence or otherwise showing that any such solicitation was connected with any anticipated contractual liability concerning Knowles' coverage.

1. Rule 56(c), Utah Rules of Civil Procedure.

414

Plaintiff says that defendant's failure affirmatively to cancel Knowles out again after receiving such list, 1) created a contract of coverage, and that 2) defendant, by its silence was estopped from asserting a defense inconsistent with a contract. As to 1): (and irrespective of the question of consideration moving between the parties for any new promise based on an offer and acceptance), we know of no principle of law that requires a surety repeatedly to cancel out an unsatisfactory risk simply because he appears on a list furnished by the employer after cancellation, when there is no provision in the contract, (as here), for the furnishing of any such additional list, or dealing with the contractual relationship of the parties should such list be furnished. As to 2): We cannot see where any estoppel could be asserted under the undisputed facts of this case, since there appears to have been no representation, by act or omission, suggesting that defendant deliberately made a representation with the intention that plaintiff change its position to its detriment. Besides it appears obvious that plaintiff had no position to change, Knowles continuously having been in its employ.

There being no genuine issue as to any material fact, the letter and spirit of our summary judgment rules, designed toward effectuating an inexpensive and expeditious determination of litigation, demand reversal of the trial court.

CROCKETT, C. J., and WADE, McDONOUGH and CALLISTER, JJ., concur.